UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AJESH HOSPITALITY LLC,<br><br>　　　　Defendant. | Case No.  20-cv-02734-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 10 |

Plaintiff Theresa Brooke filed this action for violation of the Americans with Disabilities Act and the California Unruh Civil Rights Act. Dkt. 1. The sole Defendant named in the action is Ajesh Hospitality LLC ("Ajesh"), which Plaintiff contends "owns and/or operates and does business as the hotel, Hampton Inn & Suites San Jose Airport located at 2088 North 1st Street in San Jose, California" that is the subject of this lawsuit (the "Hotel"). *Id.* ¶ 2. Although Plaintiff has consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) (Dkt. 6), Ajesh has not appeared in the action or consented.

Now before the Court is Plaintiff's motion for default judgment. Dkt. 10. The motion is appropriate for determination without oral argument. Civil L.R. 7-1(b). For the reasons that follow, the Court **DENIES** Plaintiff's motion for default judgment.

I.　**BACKGROUND**

Plaintiff's complaint alleges that an architectural barrier exists at the Hotel that violates Plaintiff's rights under the ADA and the California Unruh Act. Dkt. 1 ¶¶ 9-13.

According to the proof of service filed by Plaintiff, Defendant Ajesh was served with the summons and complaint at 1:43 p.m. on April 22, 2020 by personal service on "Mitesha Kalthia – Agent for Service" at 445 Hotel Cir S, San Diego, CA 92108-3402. Dkt. 7 at 2. Plaintiff provides

no evidence establishing that Mitesha Kalthia is the correct agent for service of process for Ajesh, or that Ajesh operates the Hotel that is the subject of this lawsuit.

Plaintiff's counsel claims that he "was able to find the contact information for the principal for Ajesh Hospitality" and states that he has sent two emails to the principal "advising him of the default and the intent to file this Motion." Dkt. 10-1 at ¶ 8. The principal never responded. *Id.* The emails submitted by Plaintiff's counsel were sent to the email address "hamptoninn.sanjoseairport@hilton.com" rather than to a particular individual, but contain a salutation in the body of the email to "Mr. Kalthia." Ex. A to Dkt. 10-1.

Ajesh has not filed an answer or other response to the complaint. The Clerk of Court entered a default against Ajesh on May 15, 2020. Dkt. 9. Plaintiff now moves for default judgment against Ajesh. Dkt. 10. Ajesh has not filed an opposition to the motion for default judgment.

## II. LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering a default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4. If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *Televideo Sys., Inc. v. Heidenthal*, 826

1  F.2d 915, 917-18 (9th Cir. 1987).

2  **III.  DISCUSSION**

3   As discussed above, before considering the other default judgment factors, the Court must first evaluate whether the defaulted defendant was properly served.  Plaintiff does not identify the statutory method by which service of the summons and complaint on Ajesh was made.  However, Federal Rule of Civil Procedure 4(h)(1)(B) permits service on a corporation "by delivering a copy of the summons and complaint to an officer, a managing director or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Alternatively, Federal Rule of Civil Procedure 4(e)(1) and (h)(1)(A) authorize service on a corporation in accordance with state law, and California Code of Civil Procedure 416.10 provides that a corporation may be served by delivering a copy of the summons and complaint to a person designed as agent for service of process or other specified persons associated with the corporation.

 Plaintiff has failed to establish that Ajesh was properly served.  Plaintiff has not submitted any evidence that the person served, Mitesha Kalthia, is the agent for service of process for Ajesh. An internet search conducted by the Court located a February 13, 2017 filing with the California Secretary of State identifying Ajesh's agent for service as Mitesh Kalthia at 445 Hotel Circle S, San Diego, CA 92108.  *See* https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201627310092-21925885 (last visited July 23, 2020).[1]  Although this address matches the address of service listed in the proof of service filed by Plaintiff in this case, the name of the person served (Mitesha Kalthia) does not exactly match the name of the agent for service of process listed with the Secretary of State (Mitesh Kalthia).  *See* Dkt. 7 at 2.  While this particular misspelling may not be fatal, the absence of evidence is.  Plaintiff has also failed to submit evidence establishing that Ajesh is the correct owner/operator of the Hotel that is the subject of this action, and the Court has been unable to

---

[1] A June 29, 2020 filing with the Secretary of State now identifies a different agent for service for Ajesh.  *See* https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201627310092-28513462 (last visited July 23, 2020).

3

1 confirm this fact.  Some public information indicates that the hotel is associated with a different
2 company, Kalthia Group Hotels.  *See* https://www.guerdonmodularbuildings.com/our-work/san-jose-hampton-inn-suites/ (last visited July 23, 2020).  Evidence submitted by Plaintiff's counsel showing that he sent two emails to the general email address "hamptoninn.sanjoseairport@hilton.com" to which he received no response fail to fill in any of the gaps in Plaintiff's showing regarding service of Ajesh.

"In deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citations omitted).  The necessary precision of the record of service is missing here because Plaintiff has failed to establish that the correct agent of service for the correct defendant was served.  Accordingly, based on the record before the Court, the Court concludes that Plaintiff has failed to show that service of Ajesh was adequate.

## IV.    DISPOSITION

Because Plaintiff has failed to demonstrate that service on Defendant Ajesh was adequate, the Court finds it unnecessary to consider the other factors regarding entry of a default judgment at this time.  For the reasons discussed above, the Court **DENIES** Plaintiff's motion for default judgment.  Plaintiff has until **August 21, 2020**, to file a renewed motion for default judgment with additional evidence to establish either that the April 22, 2020 service was made on the correct agent for Ajesh **or** make a new effort to serve the correct agent for Ajesh and file proof of that service.  A renewed motion must also be supported by evidence that Ajesh is the owner and/or operator of the Hotel that is the subject of this case.

**SO ORDERED.**

Dated: July 24, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

4